UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRANDON C. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-CV-38 RWS |
| GARY FREEMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Brandon C. Phillips (registration no. 1117250), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.42. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $62.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.42, which is 20 percent of plaintiff's average monthly deposits.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this civil rights action against various officials at the Maryville Treatment Center ("MTC"), alleging violations of his constitutional rights arising out of his termination from the drug treatment program. MTC is a substance abuse treatment facility within the

Missouri Department of Corrections ("MDOC"). It is considered a minimum security institution, and is a therapeutic alternative to incarceration in prison. MTC provides long and short term substance abuse treatment.[1]

Had plaintiff successfully completed the drug treatment program at MTC, he would have been eligible for a release date of August 3, 2017. Plaintiff alleges the officials violated his constitutional rights by not affording him the due process right to confront an anonymous informant before finding him guilty of possessing the synthetic drug "K2." In addition, he states he was not allowed to see any documentation regarding the investigation; no substance was ever recovered from him; he never tested positive for any substances; and the violation was issued with no physical, video, or corroborative evidence outside of the anonymous informant's statement.

For relief, plaintiff seeks an award of $500.00 per day from October 13, 2016 to the present because the alleged violation of his rights cost plaintiff his treatment and release date.[2]

## Discussion

To prevail on his § 1983 claim, plaintiff must first establish he was deprived of a protected liberty interest. The Eighth Circuit has held that there is no protected liberty interest in a sentence reduction that may be granted upon completing a drug treatment program in MDOC. *See Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011) (affirming denial of Missouri state prisoner's § 1983 action against prison officials for alleged deprivation of due process rights by terminating him from substance abuse program); *see also Staszak v. Romine*, 221 F.3d 1344 (8th Cir. 2000) (per curiam) (unpublished table decision) (finding plaintiff who failed drug abuse treatment program had no liberty interest in provisional release date and suffered no due process

---

[1] *See* Missouri Department of Corrections, https://doc.mo.gov/DORS/ (last visited Nov. 7, 2017).
[2] In his paragraph titled "relief," plaintiff asks for $100.00 per day, but in his paragraph titled "money damages" he seeks $500.00 per day. The Court will refer to the higher amount.

violations as a result of rescission). Citing the Supreme Court's decision in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), the Eighth Circuit held that a Missouri inmate does not have a protected liberty interest in the discretionary probationary release to which he might be eligible if he successfully completes MDOC's drug treatment program. *Persechini*, 651 F.3d at 808; *see also Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) ("[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions.") (citing *Greenholtz*, 442 U.S. at 9-11).[3]

Plaintiff "acknowledges that parole is a privilege, and that all [early release] dates are considered presumptive, thus they are not guaranteed." Because plaintiff cannot establish that his termination from MTC's drug treatment program violated a liberty interest for due process purposes, he cannot prevail on his § 1983 claim. The Court need not consider whether MTC's procedures for terminating plaintiff from the treatment program were constitutional. Plaintiff is not entitled to relief in this action, and the Court will dismiss the complaint, without prejudice, under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

---

[3] The same is not true for inmates convicted of a crime in prison and subjected to additional punishment. "[I]nmates who have been duly convicted of a crime may not be subjected to additional punishment, not contemplated in their sentence of imprisonment, without due process of law." *Jones v. Mabry*, 723 F.2d 590, 594 (8th Cir. 1983).

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2017.